**Eduard SHENKER, Plaintiff,**

v.

**The CITY OF LAWRENCE, Defendant.**

**Civil Action No. 08–10630–NMG.**

United States District Court,
D. Massachusetts.

March 6, 2009.

Eduard Shenker, North Andover, MA, pro se.

Richard J. D'Agostino, Office of the City Attorney, Lawrence, MA, for Defendant.

### MEMORANDUM & ORDER

GORTON, District Judge.

In this case concerning the construction of a building in Lawrence, Massachusetts, by Erical Realty Trust ("Erical"), plaintiff Eduard Shenker ("Shenker"), as trustee of Erical, has sued the City of Lawrence ("the City") to reverse a Stop Work Order and a building permit containing certain restrictive conditions. Shenker served the complaint on April 16, 2008, and on June 11, 2008, filed a motion to compel the City to answer it. Four days later, the City moved to dismiss the complaint for lack of subject matter jurisdiction and insufficient service of process.

## I. Subject Matter Jurisdiction

Shenker's complaint alleges that this Court has jurisdiction over his case pursuant to 28 U.S.C. § 1332 which provides federal district courts with jurisdiction over civil suits between diverse parties where the amount in controversy exceeds $75,000. The diversity requirement is not met where both the plaintiff and the defendant are citizens of the same state. 28 U.S.C. § 1332(a)(1).

■■■ Here, Shenker's complaint establishes that he is a citizen of North Andover, Massachusetts. When a party files suit as a trustee, citizenship of that party is determined by the citizenship of the trustee. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462–63, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Therefore, the plaintiff in this case is a citizen of Massachusetts. The defendant is a municipal corporation having its principal place of business in Lawrence, Massachusetts, thus making it a citizen of Massachusetts. *See* 28 U.S.C. § 1332(c)(1). Therefore, both parties are citizens of the same state and there can be no diversity jurisdiction.[1] The City's motion to dismiss will, accordingly, be allowed because this Court lacks subject matter jurisdiction over Shenker's case.

■■■ Moreover, even if Shenker had brought suit pursuant to 28 U.S.C. § 1331 (which he did not), this Court still lacks subject matter jurisdiction. In addition to diversity cases, federal district courts also have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States". 28 U.S.C. § 1331. To satisfy federal question jurisdiction, a federal question "must appear on the face of a well-pleaded complaint". *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983).

Shenker's *pro se* complaint does not refer to a violation of any federal statute or treaty. Nor does he allege a constitutional violation because, although he refers to the City's actions as "arbitrary and capricious", he fails to claim a violation of his due process rights or, indeed, of any other right sustained by the United States Constitution.

## II. Timeliness of the City's Response to the Complaint

In his motion to compel and his opposition to the motion to dismiss, Shenker contends that the City failed to file a timely answer. A defendant must respond to a complaint

> (i) within 20 days after being served with the summons and complaint; or
>
> (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent,

Fed. R. Civ. Pro. 12(a)(1)(A).

The City failed to file a responsive pleading within 20 days of being served. It is unclear whether the City waived service of process but a docket entry that an answer was due on May 6, 2008, suggests that it did not. Nevertheless, the City filed a motion to dismiss exactly 60 days after the purported date of waiver, suggesting that it may have believed that it did waive service. In any event, and in light of the fact that Shenker has not expressly moved for default judgment, the Court will not dismiss the case for the City's alleged failure to file a timely response to the complaint.

## III. Insufficient Service of Process

In its motion to dismiss, the City makes conclusory and unsupported statements

---

**1.** The City also asserts that Shenker's claim fails to meet the amount in controversy requirement but the Court declines to address that argument because the diversity of citizenship requirement has not been met.

with respect to Shenker's failure to serve a copy of the complaint and the summons properly. Therefore, although it is academic, Shenker's claim will not be dismissed for insufficient service of process.

## ORDER

In accordance with the foregoing, the defendant's motion to dismiss (Docket No. 4) is **ALLOWED** and the plaintiff's motion to compel (Docket No. 3) is **DENIED AS MOOT.**

So ordered.